UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                Plaintiff,

v.

ROCKET ENTERPRISE, INC.,

                Defendant.

_____ /

Case: 2:06-cv-14319
Assigned To: Cox, Sean F
Referral Judge: Morgan, Virginia M
Filed: 09-29-2006 At 03:15 PM
CMP EEOC V. ROCKET ENTERPRISE, INCO
RPORATED (JTC)

COMPLAINT
AND JURY TRIAL DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sexual harassment and retaliation, and to provide appropriate relief to former employee Mary Bischoff ("Bischoff"), who was adversely affected by such practices. The Commission alleges that Defendant, Rocket Enterprise, Inc., ("Defendant") discriminated against Bischoff when it permitted her to be sexually harassed by a co-worker and retaliated against Bischoff by terminating her in response to her complaint about the sexual harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII") , and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Michigan.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant  has continuously conducted business in the State of Michigan, City of Warren, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## CONCILIATION

6.     Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706 (b) of Title VII, 42 U.S.C. Section 2000e-5(b).

## STATEMENT OF CLAIMS

7.      More than thirty days prior to the institution of this lawsuit, Bischoff filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

8.      Since at least May 2006, Defendant Employer has engaged in unlawful

employment practices at its Warren, Michigan site in violation of Section 703(a) and 704(a) of

Title VII, 42 U.S.C. § 2000e-2(a), 3(a). The Defendant's unlawful employment practices include

permitting Bischoff to be sexually harassed by a co-worker and subjected to a hostile work

environment, and terminating Bischoff in retaliation for her complaint that she had been subjected

to a hostile work environment because of sexual harassment.

9.      The incidents of sexual harassment at the Defendant's facility were severe and

pervasive.

10.     Defendant had notice that Bischoff was being sexually-harassed by a co-worker

and otherwise subjected to a hostile work environment.  The harassment included, but is not

limited to, the following incidents:

        a.      Repeated comments about erect penises;

        b.      A discussion of mimed necrophilia; and

        c.      Discussion of a photograph of the co-worker's bare buttocks and scrotum.

11.     The effect of the conduct complained of in Paragraph 10 above was to create a

hostile work environment.

12.     The effect of the unlawful conduct complained of in paragraphs 8-10, above, has

been to deprive Bischoff of equal employment opportunities and otherwise adversely to affect her

status as an employee.

13.     The unlawful employment practices complained of above were intentional.

14.     As the result of the unlawful employment practices, Bischoff has suffered

emotional distress, embarrassment, humiliation, and  inconvenience.

15.     The unlawful employment practices complained above were done with malice or

with reckless indifference to the federally protected rights of Bischoff.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against those who take actions protected by Title VII.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order the Defendant Employer to make whole Bischoff, by providing appropriate attorney fees resulting from the retaliatory complaint with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendant Employer to make whole Bischoff, by providing compensation for past pecuniary losses resulting from the unlawful employment practices described in paragraph 8-10 above in amounts to be proven at trial.

E.      Order Defendant Employer to make whole Bischoff by providing compensation for past nonpecuniary losses resulting from the unlawful practices complained of in paragraph 8-10 above in amounts to be proven at trial.

F.      Order Defendant Employer to pay Bischoff punitive damages for its malicious or reckless conduct described in paragraph 8-10 above, in amounts to be proven at trial.

G.      Order Defendant Employer to provide training to its owners and employees

regarding the duties and obligations of employers under Title VII, including specific training on

Title VII's prohibitions against sexual harassment and retaliation.

  H.  Grant such further relief as the Court deems necessary and proper in the public

interest.

  I.  Award the Commission its costs of this action.


## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.


               Respectfully submitted,


DATED:

DALE PRICE (P55578)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara Building
477 Michigan Avenue, Room 865
Detroit, Michigan  48226
Telephone: (313)226-7808/6584(fax)
E-Mail:  dale.price@eeoc.gov

JS 44 11/99      **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: MACOMB

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**DEFENDANTS**

ROCKET ENTERPRISE, INC.

(b) County of Residence of First Listed _____

County of Residence of First Listed    MACOMB

Case: 2:06-cv-14319
Assigned To: Cox, Sean F
Referral Judge: Morgan, Virginia M
Filed: 09-29-2006 At 03:15 PM
CMP EEOC V. ROCKET ENTERPRISE, INCO RPORATED (JTC)

(C) Attorney's (Firm Name, Address, and Telephone Number)

Dale Price (P55578), Equal Employment Opportunity Commission, 477 Michigan Avenue, Room 865 Detroit, MI 48226 (313) 226-7808

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLA | DEF |  | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT**      (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21: 881 |  | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | **PERSONAL INJURY** | [ ] 362 Personal Injury- Med. Malpractice |  | [ ] 450 Commerce/ICC |
| [ ] 150 Recovery of Overpayment and Enforcement of Judgment | [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws |  | [ ] 460 Deportation |
|  | [ ] 320 Assault Libel And Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced & Corrupt Organizations |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 650 Airline Regs. | [ ] 820 Copyrights | [ ] 810 Selective Service |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** [ ] 370 Other Fraud | [ ] 690 Other | [ ] 840 Trademark |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
|  |  |  | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | [X] 442 Employment | Habeas Corpus: |  | **FEDERAL TAX SUITS** | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |  |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty |  |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS-Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property |  | [ ] 550 Civil Rights |  |  |  |
|  |  | [ ] 555 Prison Condition |  |  |  |

**V. ORIGIN**   (PLACE AN "X" IN ONE BOX ONLY)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multi district Litigation
[ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sexual harassment and retaliation.

**VII. REQUESTED IN COMPLAINT:**   [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   $ DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND:   [X] Yes   [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE   Sept 29, 2006

SIGNATURE OF ATTORNEY OF RECORD   Dale Price/pfj

## PURSUANT TO LOCAL RULE 83.11

1.          Is this a case that has been previously dismissed?      ☐ Yes

                                                                                ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.          Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other     ☐ Yes
court, including state court? (Companion cases are matters in which    ☒ No
it appears substantially similar evidence will be offered or the same
or related parties are present and the cases arise out of the same
transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :