UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.                          Case No. 06-14319
                            Hon. Sean F. Cox

ROCKET ENTERPRISES, INC.,

        Defendant.

_____

## ORDER

        This matter is before the Court on Plaintiff's Motion in limine to exclude Defendant from offering inadmissible testimony at trial. Specifically, Plaintiff seeks to preclude the testimony of Al Rusek, a co-worker of Bischoff. Both parties briefed the issues and a hearing was held January 28, 2008.

        Defendant intends to introduce testimony from Rusek on: (1) conversations Mary Bischoff overheard; (2) any disputes at the workplace; and (3) the general work environment at Rocket. Defendant plans to offer this evidence to show that there was no hostile work environment and that a reasonable person could not have believed that sexual harassment occurred. Plaintiff contends that it is irrelevant whether sexual harassment actually occurred, and that Defendant conceded that Bischoff engaged in protected activity when it failed to argue to the contrary in its motion for summary judgment.

        Plaintiff is correct that "a violation of Title VII's retaliation provision can be found

1

whether or not the challenged practice ultimately is found to be unlawful." *Johnson v. University of Cincinnati*, 215 F.3d 561, 579-580 (6th Cir. 2000). However, the opposition voiced by the plaintiff must "be based on 'a reasonable and good faith belief that the opposed practices were unlawful.'" *Id.* at 579 (citation omitted). The issue for purposes of this motion is whether Al Rusek's testimony, to the extent it is offered to show that Bischoff could not reasonably or in good faith have believed a sexually hostile environment existed, is admissible in light of Defendant's failure to argue the matter in its motion for summary judgment. This Court finds that it is.

Plaintiff argues that the first prong in establishing a prima facie case of retaliation is whether the plaintiff engaged in protected activity. The alleged protected activity in this case was Bischoff's complaint of a sexually hostile environment to Jerry Bowers. Defendant did not address this element in its motion for summary judgment, arguing only that Plaintiff could not establish a prima facie case because it did not have evidence of a causal connection between the complaint and Bischoff's termination. According to Plaintiff, this amounted to a concession by Defendant that Bischoff was engaged in protected activity, so that Defendant cannot challenge at trial whether Bischoff reasonably or in good faith believed there was sexual harassment. Plaintiff does not identify any authority to support its position.

Defendant is free to argue that Bischoff was not engaging in protected activity, i.e. that she could not reasonably or in good faith believe that there was a sexually hostile environment. First, contrary to Plaintiff's interpretation, Defendant does not concede the point anywhere in its brief, statement of facts, or motion. Second, Defendant is not required to bring a motion for summary judgment at all and will not be penalized for failing to raise a particular issue in a

motion for summary judgment.  Finally, the Court's ruling that Plaintiff established a prima facie case was limited to the issues presented in the motion.  The issue of whether Bischoff was engaged in protected activity was not argued, and thus the court did not make any rulings on that issue.

At the hearing, Plaintiff also argued that admission of Al Rusek's testimony would be more prejudicial than probative pursuant to FRE 403.  The testimony of Al Rusek is relevant to the extent it is introduced to show that Bischoff could not have reasonably or in good faith believed there was a sexually hostile environment.  When offered for this purpose, it does not violate FRE 403, and is thus, admissible.  Accordingly, Plaintiff's Motion in limine to exclude the testimony of Al Rusek is **DENIED**.

**IT IS SO ORDERED.**

**DATED: January 28, 2008**

s/ Sean F. Cox
SEAN F. COX
United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing order was served upon counsel of record via the Court's ECF System and/or U. S. Mail on January 28, 2008.

s/Jennifer Hernandez
Case Manager to
District Judge Sean F. Cox