UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.                                                                                               Case No. 06-14319
                                                                                      Hon. Sean F. Cox

ROCKET ENTERPRISES, INC.,

        Defendant.
_____

## ORDER REGARDING JURY INSTRUCTIONS 25A and 27

      This matter is before the Court based on the parties dispute over jury instructions, regarding which, the Court read a ruling from the bench on Monday, February 4, 2008. The parties agree that in order to establish the first prong of a retaliation claim, Plaintiff must show that Mary Bischoff engaged in protected activity. The parties further agree that in order for Bischoff's complaint to constitute protected activity, Mary Bischoff must have had a reasonable, good faith belief that what she complained of violated Title VII. This is consistent with the holding in *Johnson v. University of Cincinnati*, 215 F.3d 561, 579 (6th Cir. 2000), where the court stated that "[u]nder Title VII, an employee is protected against employer retaliation for opposing any practice that the employee <u>reasonably believes</u> to be a violation of Title VII." (emphasis added). The EEOC Compliance Manual, as cited in *Johnson*, further states that the complaint must be "based on a reasonable and good faith belief that the opposed practices were unlawful." *Johnson*, 215 F.3d at 579.

Plaintiff alleges in its Complaint that Mary Bischoff complained "that she had been subjected to a hostile work environment because of sexual harassment." [Complaint, ¶8]. The jury must determine whether Mary Bischoff's complaint of a hostile environment based on sexual harassment was reasonable and in good faith in order to decide if she engaged in protected activity. In order for the jury to determine whether Bischoff's belief was reasonable, the jury needs to be instructed on what constitutes a hostile environment based on sexual harassment.

Accordingly, the Court will give a jury instruction providing the law on what constitutes a sexually hostile work environment, as articulated by the Sixth Circuit in *Randolph v. Ohio Dept. of Youth Services*, 453 F.3d 724, 733 (6th Cir. 2006). The instruction will include the admonition that Plaintiff is not required to prove that a sexually hostile environment actually existed.

**IT IS SO ORDERED.**

**S/Sean F. Cox**
**Sean F. Cox**
**United States District Judge**

**Dated: February 5, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on February 5, 2008, by electronic and/or ordinary mail.**

**S/Jennifer Hernandez**
**Case Manager**