UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                                Case No. 06-14319
                                                Hon. Sean F. Cox

ROCKET ENTERPRISES, INC.,

    Defendant.
_____

## ORDER DENYING DEFENDANT'S PETITION
## FOR ATTORNEY FEES

This matter is before the Court on Defendant's Petition for Attorney Fees. Both parties have briefed the issue. For the following reasons, the Court **DENIES** Defendant's Petition for Attorney Fees.

This case went to trial on January 29, 2008. On February 5, 2008, the jury returned a verdict in Defendant's favor. Judgment was entered against Plaintiff on February 7, 2008. Plaintiff filed a motion for new trial on February 22, 2008. The Court entered an Order denying Plaintiff's motion for new trial on March 18, 2008. On May 1, 2008, Defendant filed the instant Petition for Attorney Fees.

Defendant's Petition for Attorney Fees is untimely. Fed.R.Civ.P. 54(d)(2)(B) requires that unless a statute or court order requires otherwise, a motion for attorney's fees must be filed "no later than 14 days after the entry of judgment." Additionally, E.D.Mich. LR 54.1.2(a) provides that "[a] motion for attorneys' fees and related non-taxable expenses pursuant to

1

Fed.R.Civ.P. 54(d)(2) must be filed no later than 28 days after entry of judgment." Defendant did not comply with either court rule. Defendant's Petition was filed 84 days after entry of the Judgement, and 44 days after entry of the order denying Plaintiff's motion for new trial.

It is well-established that "for cause shown [the court] may at any time in its discretion...upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." *Turner v. City of Taylor*, 412 F.3d 629, 650 (6th Cir. 2005). However, "the excusable neglect standard has consistently been held to be strict, and can be met only in extraordinary cases." *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989). In determining whether neglect is excusable, the court considers the reason for the delay and whether it was "within the reasonable control of the movant, and whether the movant acted in good faith." *Turner*, 412 F.3d at 650. Defendant does not acknowledge the untimeliness of its Petition and does not offer any argument that its neglect to comply with the court rules was excusable.

Accordingly, Defendant's Petition for Attorney Fees is **DENIED**. Because Defendant's Petition is denied as untimely, the Court does not reach Plaintiff's remaining arguments.

**IT IS SO ORDERED.**

           **S/Sean F. Cox**
           **Sean F. Cox**
           **United States District Judge**

**Dated: May 27, 2008**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on May 27, 2008, by electronic and/or ordinary mail.**

           **S/Jennifer Hernandez**
           **Case Manager**